**Stephen F. English**, OSB #730843
E-Mail: steve.english@bullivant.com
**Thomas L. Hutchinson**, OSB #994896
E-Mail: tom.hutchinson@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Plaintiff Eid Passport, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| EID PASSPORT, INC., an Oregon corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>INTELLICHECK MOBILISA, INC., a Delaware corporation,<br><br>                Defendant. | Civil No.: _____<br><br>**COMPLAINT**<br>**(Antitrust Violations, and Intentional Interference with Contract, Business Relationships and/or Prospective Business Advantage)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Eid Passport, Inc. ("Eid Passport" or "Plaintiff") brings this action for

damages and injunctive relief under the antitrust laws of the United States and the state of

Oregon, and under the common law of the state of Oregon, and against the Defendant,

Intellicheck Mobilisa, Inc. ("Intellicheck Mobilisa," or "Defendant"), and alleges on

information and belief as follows:

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 1**

## I.    **INTRODUCTION**

1.    This action arises out of a pattern of anticompetitive and predatory conduct by the Defendant, Intellicheck Mobilisa, undertaken with a specific intent to foreclose competition from Eid Passport and others in the sale to the United States military of products and services, as further defined herein, that are specifically designed to electronically validate state-issued driver licenses of visitors who present such identification for entry at access control points at secure military installations and facilities in the United States.   For purposes of this Complaint, "state-issued" means driver licenses issued by any U.S. state or U.S. territory.

2.    Intellicheck Mobilisa currently maintains – and, historically, has maintained – a predominant share of the market for sales of the aforementioned products and services to the United States military.   By contrast, Plaintiff Eid Passport is a recent market entrant with a relative minor share of the aforementioned market.

3.    On information and belief, Intellicheck Mobilisa and Eid Passport currently are the only entities with contracts to provide the United States military with the aforementioned products and services.

4.    Intellicheck Mobilisa also currently maintains a predominant share of the market for specialized software, as further defined herein, that is required to enable related hardware products to electronically validate state-issued driver licenses.

5.    As alleged herein, Intellicheck Mobilisa has engaged in a pattern of unlawful and anticompetitive conduct that violates Section 2 of the Sherman Act (15 U.S.C. § 2) and ORS 646.730 of Oregon's "Little Sherman Act," and that also constitutes intentional interference with contract, business relationships and/or prospective business advantage.

6.    As a result of Intellicheck Mobilisa's unlawful and anticompetitive conduct as alleged herein, Eid Passport has sustained injury to its business and property and has also

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
   12162181.1

**COMPLAINT
Page 2**

suffered antitrust injury. Eid Passport will continue to suffer such injury to its business and property and such antitrust injury unless and until Intellicheck Mobilisa is permanently enjoined from continuing or repeating the alleged unlawful and anticompetitive conduct.

## II.    JURISDICTION AND VENUE

7.    Plaintiff brings this action to recover damages, including treble damages, injunctive relief, costs of suit and reasonable attorney fees caused by Defendant's violation of the Sherman Act, 15 U.S.C. § 2. The Court has jurisdiction over the subject matter of this action pursuant to Section 4(a) and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26 and 28 U.S.C. §§ 1331 and 1337, as well as Section 2 of the Sherman Act (15 U.S.C. § 2). Plaintiff further asserts supplemental jurisdiction under 28 U.S.C. § 1367 with respect to the Oregon statutory and common law claims that Plaintiff alleges arise from the same nucleus of operative facts.[1]

8.    Venue is proper in this District pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22 and 28 U.S.C. § 1391(b), (c) and (d). Because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and a substantial portion of the affected interstate trade and commerce has been carried out in this District, venue is proper.

## III.    PARTIES

9.    Plaintiff, Eid Passport, is an Oregon corporation with its principal place of business in the state of Oregon.

10.    Defendant, Intellicheck Mobilisa, is a Delaware corporation with its principal place of business in the state of Washington.

---

[1] Under 28 U.S.C. § 1367(a), district courts, in cases where they have original jurisdiction, have the power to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 3

## IV.    AGENTS AND CO-CONSPIRATORS

11.    The acts alleged against Defendant in this complaint (the "Complaint") were authorized, ordered, or done by its officers, agents, employees, or representatives, while actively engaged in the management and operations of Defendant's business or affairs.

12.    Various persons and/or firms not named as defendants herein may have participated as co-conspirators in the violations alleged herein and may have performed acts and made statements in furtherance thereof.

13.    Defendant acted as the principal, agent, or joint venturer of, or for, other persons and/or firms not named as defendants herein with respect to the acts, violations, and common course of conduct alleged by Eid Passport.

## V.    TRADE AND COMMERCE

14.    Defendant, or one or more of its subsidiaries, sold products in a continuous and uninterrupted flow of interstate commerce, including through and into this judicial district.

## VI.    RELEVANT MARKETS

### A.    Relevant Product Markets

15.    On information and belief, Intellicheck Mobilisa's anticompetitive conduct has affected and continues to affect at least two relevant product markets as defined herein: (1) the "Driver License Validation Market"; and (2) the "Driver License Validation Software Market."

#### 1.    Driver License Validation Market

16.    One of the two interrelated relevant product markets in this action consists of products and related services, sold by the private sector to the U.S. military, which are designed to validate driver licenses of visitors who present such identification for entry at access control points at secure military installations and facilities in the United States.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 4**

17.    As used in this Complaint, driver license validation products and services contain three essential fraud detection components:

      a.    <u>Format Validation Capability</u>: This component refers to the scanning, reading, and interpretation of data contained in a magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the threshold purpose of determining whether the format that is read conforms to the driver license format specification for any U.S. state or U.S. territory.

      b.    <u>Content Validation Capability</u>: This component refers to the scanning, reading, and interpretation of data within the format that is read contained in the magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the purpose of determining content validity.

      c.    <u>Rating Capability</u>: This component refers to the scanning, reading, and interpretation of the data within the format that is read contained in the magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the purpose of rating the confidence level of validity.

18.    In addition, such driver license validation products and services are able to electronically validate driver licenses of all 50 states and U.S. territories and specifically include specialized technology, referred to as the Georgia "dongle," which is capable of decoding the encryption on driver licenses issued by the state of Georgia.

19.    This relevant product market is hereinafter referred to as the "Driver License Validation Market" or the "DL Validation Military Market." The DL Validation Military Market for purposes of this Complaint is comprised of military locations, including

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
   12162181.1

**COMPLAINT**
**Page 5**

installations, bases and facilities, under the direction and control of agencies of the United States Department of Defense.

20.    Driver license validation products and services that do not contain all three essential fraud detection components set forth herein, or that are unable to electronically validate driver licenses of all 50 states and U.S. territories or that do not contain the Georgia "dongle," do not offer the same level of validation capability and are not equivalent in quality or functionality, and therefore do not compete in the Driver License Validation Market as defined herein.  Accordingly, on information and belief, the U.S. military would not view as equivalent any driver license validation products and services that do not contain all three essential fraud detection components set forth herein, and that are unable to electronically validate driver licenses of all 50 states and U.S. territories and that do not contain the Georgia "dongle."

**2.    Driver License Validation Software Market**

21.    The second of the two interrelated relevant product markets in this action involves Driver License Validation Software, developed in the private sector, which is essential to enabling related hardware products (i.e., handheld mobile computer devices and computer workstations) to electronically validate driver licenses (including state-issued identification cards) issued by all 50 states and U.S. territories.

22.    As used in this Complaint, "Driver License Validation Software" is comprised of three essential fraud detection components:

    a.    Format Validation Capability: This component refers to the scanning, reading, and interpretation of data contained in a magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the threshold purpose of determining whether the format that is read conforms to the driver license format specification for

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 6**

any U.S. state or U.S. territory.

b.  <u>Content Validation Capability</u>: This component refers to the scanning, reading, and interpretation of data within the format that is read contained in the magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the purpose of determining content validity.

c.  <u>Rating Capability</u>: This component refers to the scanning, reading, and interpretation of the data within the format that is read contained in the magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the purpose of rating the confidence level of validity.

23.     In addition, such Driver License Validation Software is able to electronically validate driver licenses of all 50 states and U.S. territories and specifically includes specialized technology, referred to as the Georgia "dongle," which is capable of decoding the encryption on driver licenses issued by the state of Georgia.

24.     A potential or actual private sector participant in the DL Validation Military Market either utilizes its own proprietary Driver License Validation Software or enters into a license agreement with a private sector Driver License Validation Software company.

25.     This relevant product market is hereinafter referred to as the "Driver License Validation Software Market" or the "DL Validation Software Market."

26.     Driver license validation software that does not contain all three essential fraud detection components set forth herein, or that is unable to electronically validate driver licenses of all 50 states and U.S. territories that does not contain the Georgia "dongle," does not offer the same level of validation capability and is not equivalent in quality or functionality, and therefore does not compete in the Driver License Validation Software

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 7**

Market as defined herein. Accordingly, on information and belief, the U.S. military would not view as equivalent any driver license validation software that does not contain all of the features of Driver License Validation Software as defined herein, and would view such driver license validation software as not equivalent to Driver License Validation Software as defined herein.

**B.    Relevant Geographic Market**

27.    The United States is the geographic market for both of the aforementioned interrelated relevant product markets. The term "United States" includes all 50 states within the United States, as well as the unincorporated territories of the United States. For purposes of this Complaint, the terms "DL Validation Military Market" and "DL Validation Software Market" should be construed to encompass the aforementioned geographic market.

## VII.    FACTUAL BACKGROUND AND ALLEGATIONS

**A.    Structure of the DL Validation Military Market**

28.    On information and belief, the DL Validation Military Market presently is a two-player market whose participants are Intellicheck Mobilisa and Eid Passport. In particular, Intellicheck Mobilisa and Eid Passport currently are the only two private-sector entities with contracts to provide products and services to the DL Validation Military Market.

**1.    Intellicheck Mobilisa**

29.    Intellicheck Mobilisa, currently and historically the dominant force in the DL Validation Military Market, was formed in or about March 2008 when Intelli-Check, Inc. ("Intelli-Check"), a Woodbury, New York-headquartered company founded in 1994, merged with Mobilisa, Inc. ("Mobilisa'), a Port Townsend, Washington-headquartered company founded in 2001. According to a Form 8-K filed by Intelli-Check with the Securities and Exchange Commission on or about November 21, 2007, the merging parties previously entered into a merger agreement on or about November 20, 2007 to combine the two

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 8**

companies.

30.     The March 2008 merged entity was called "Intelli-Check-Mobilisa, Inc." In or

about October 2009, Intelli-Check-Mobilisa, Inc. changed its corporate name to "Intellicheck

Mobilisa, Inc."

31.     Intellicheck Mobilisa's primary areas of business include commercial

applications of identification card reading and validation, government sales of defense

security-related identification card applications, and the development of wireless

communications applications.

32.     Specifically with respect to the electronic validation of state-issued driver

licenses, Intellicheck Mobilisa's flagship product for sales to the DL Validation Military

Market is the "Defense ID ® system."

33.     Prior to the Intelli-Check / Mobilisa merger, Intelli-Check had a stronger

presence than Mobilisa in the commercial identification card reading and validation market,

whereas Mobilisa, which developed the Defense ID ® system, had a stronger presence than

Intelli-Check in the DL Validation Military Market.

34.     Intelli-Check – Mobilisa, Inc.'s Form 10-K filed with the Securities and

Exchange Commission in or about March 2008 states, in part, that, "Historically, the military

market has been Mobilisa's primary focus," and "Military bases are an ideal location for the

use of the Defense ID ® system . . . ."

35.     As noted on its website, Intellicheck Mobilisa has been a participant in the DL

Validation Military Market since at least 2005.  See the following website address:

http://icmobil.com/projects/DefenseIDVideo.aspx.

36.     The March 2008 10-K filed by Intelli-Check – Mobilisa, Inc. states, in part,

that Intelli-Check – Mobilisa, Inc.'s "[c]urrent target markets include" the "Military,"

consisting of the following:

- Army

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 9

- Air Force
- Coast Guard
- Military Hospitals
- Navy
- Marines
- Military Academies

37.    The March 2008 10-K filed by Intelli-Check – Mobilisa, Inc. also states, under the heading "Representative Customers," that "Mobilisa has generated revenue from its customers from the sale of systems, licensing of software and sale of extended service agreements."

38.    The March 2008 10-K filed by Intelli-Check – Mobilisa, Inc. further indicates, under the same heading, that the following 16 military installations are "representative customers" that " are using Mobilisa systems and software for security and identification purposes":

- The United States Air Force Academy
- Fort Wainwright
- Elmendorf Air Force Base ("AFB")
- Fort Meade
- Fort Belvoir
- Maxwell AFB
- Vandenberg AFB
- Fort Polk
- Schriever AFB
- The US Military Academy at West Point
- Walter Reed Army Hospital
- McChord AFB
- Bangor Naval Submarine Base
- Peterson AFB
- Fort Richardson
- Bolling AFB

39.    On information and belief, Intellicheck Mobilisa also has or does provide its Defense ID® system at the following ten additional military installations:

- Fort Benning
- Fort Drum

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

COMPLAINT
Page 10

- Fort Sam Houston
- Marine Corps Air Station Yuma
- Marine Corp Recruit Depot, Parris Island
- Fort Dix
- Marine Corps Base Quantico
- Andrews AFB
- Naval Base Ventura County
- U.S. Army Garrison Detroit Arsenal

**2.      Eid Passport**

40.     Eid Passport, founded in 2001 as Eid Access, Inc., sells identity authentication and physical access control products and services to commercial and government customers.

41.     Eid Passport's actual and potential customers include, without limitation, military locations, including installations, bases and facilities, located in the United States that are under the direction and control of agencies of the United States Department of Defense. Accordingly, Eid Passport competes for sales of defense security-related identity authentication and physical access control products and services to the DL Validation Military Market.

42.     One of Eid Passport's newest products in connection with the DL Validation Military Market is the *RAPID*-RCx® Program. The *RAPID*-RCx® Program is designed to enhance security at military installations while providing a variety of persons – including active military personnel, vendors, military dependents, guests, military retirees, and civilian personnel – with quick and routine access to such installations. In particular, the *RAPID*-RCx® Program enables force protection personnel to electronically validate U.S. and Canadian driver licenses and other forms of government identification.

43.     Eid Passport currently has contracts with DL Validation Military Market customers for the *RAPID*-RCx® Program, as follows:

  a.  U.S. Marine Corps Base Camp Pendleton, contract implementation commencing July 2008;

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 11**

    b. U.S. Army Garrison Rock Island Arsenal, IL – contract implementation

       commencement planned for December 2009; and

    c. U.S. Army Fort McCoy, WI – contract implementation commencement

       planned for December 2009.

**3.    Eid Passport's *RAPID*-RCx® Program and Intellicheck Mobilisa's Defense ID ® system are Competing Products**

44.    Eid Passport's *RAPID*-RCx® Program and Intellicheck Mobilisa's Defense ID® system compete head-to-head with one another in the DL Validation Military Market. Indeed, Intellicheck Mobilisa's March 2008 10-K – under the general heading "Competition" – specifically identifies Eid Passport as a company that currently offers products "that compete with the Defense ID ® system."

45.    In its Form 10-K filed with the Securities and Exchange Commission in or about March 2008, Intellicheck Mobilisa recognized and acknowledged Eid Passport as a competitor in the DL Validation Military Market. However, in its Form 10-K filed with the Securities and Exchange Commission in or about March 2009, Intellicheck Mobilisa elected to omit any mention of Eid Passport of a competitor notwithstanding Eid Passport's July 2008 contract implementation of its *RAPID*-RCx® Program at U.S. Marine Corps Base Camp Pendleton. On information and belief, the aforementioned omission of Eid Passport from Intellicheck Mobilisa's March 2009 10-K served to underscore Intellicheck Mobilisa's specific intent to eliminate competition in the DL Validation Military Market. Indeed, as alleged herein, Intellicheck Mobilisa has engaged in a series of anticompetitive and predatory acts designed to destroy competition in the DL Validation Military Market as a whole.

**4.    Intellicheck Mobilisa Has a Predominant Share of the DL Validation Military Market**

46.    On information and belief, by virtue of the scope, volume, and duration of its

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 12**

sales of the Defense ID ® system to the United States military, Intellicheck Mobilisa currently maintains a market share of approximately 90% or greater – and therefore has market power – in the DL Validation Military Market.

47.     As contrasted with Intellicheck Mobilisa, Eid Passport is a relatively new market entrant in the DL Validation Military Market.

48.     On information and belief, by virtue of the scope, volume, and duration of its sales of the *RAPID*-RCx® Program to the U.S. military, Eid Passport currently maintains a market share of approximately 10% or less in the DL Validation Military Market.

49.     On information and belief, Intellicheck Mobilisa and Eid Passport are the only entities that have contracts in the DL Validation Military Market.

50.     The following chart depicts the relative market shares of Intellicheck Mobilisa and Eid Passport in the DL Validation Military Market.



Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 13**

**B.**    **Structure of the DL Validation Software Market**

    **1.**    **Driver License Validation Software is Essential to Participants in the DL Validation Military Market**

    51.    An integral aspect of Eid Passport's *RAPID*-RCx® Program is certain specialized software that enables computers to validate driver licenses by "parsing" and "interpreting" information that is electronically scanned and read from bar codes and magnetic stripes on driver licenses from all 50 states and U.S. territories.

    52.    More specifically, as set forth in Part VI(A)(2) herein, Driver License Validation Software is essential to enabling related hardware products (i.e., handheld mobile computer devices and computer workstations) to electronically validate driver licenses (including state-issued identification cards) issued by all 50 states and U.S. territories.  As further set forth in Part VI(A)(2) herein, such Driver License Validation Software is comprised of three essential fraud detection components:

        a.    <u>Format Validation Capability</u>: This component refers to the scanning, reading, and interpretation of data contained in a magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the threshold purpose of determining whether the format that is read conforms to the driver license format specification for any U.S. state or U.S. territory.

        b.    <u>Content Validation Capability</u>: This component refers to the scanning, reading, and interpretation of data within the format that is read contained in the magnetic stripe or bar code placed on a state-issued driver license

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
   12162181.1

**COMPLAINT**
**Page 14**

(including state-issued identification cards) for the purpose of determining content validity.

    c.  <u>Rating Capability</u>: This component refers to the scanning, reading, and interpretation of the data within the format that is read contained in the magnetic stripe or bar code placed on a state-issued driver license (including state-issued identification cards) for the purpose of rating the confidence level of validity.

53.    In addition, such Driver License Validation Software is able to electronically validate driver licenses of all 50 states and U.S. territories and specifically includes specialized technology, referred to as the Georgia "dongle," which is capable of decoding the encryption on driver licenses issued by the state of Georgia.

54.    As alleged in greater detail below, Eid Passport's current supplier of Driver License Validation Software for its *RAPID*-RCx® Program is Minnesota-based Positive Access Corporation ("PAC"). PAC's Driver License Validation Software is known as "Positive Access ® IDecode® Parser (DLL) Software." Without Positive Access ® IDecode® Parser (DLL) Software or a commercially available, equivalent Driver License Validation Software for its *RAPID*-RCx® Program, Eid Passport would be unable to compete against Intellicheck Mobilisa for sales to the DL Validation Military Market.

55.    On information and belief, since at least mid-2008 and possibly earlier, PAC's website has described – and currently describes – the patent status of the Positive Access ® IDecode® Parser (DLL) Software as "patent pending."

56.    Notably, PAC also supplies Eid Passport with a decryption tool that enables the *RAPID*-RCx® Program's hardware devices to interpret information that is scanned and read from driver licenses issued by the State of Georgia. The State of Georgia uniquely

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 15**

encrypts the electronically stored data contained on its driver licenses. A decryption "key" is required in order to electronically "read" Georgia driver licenses. The decryption "key" comes in the form of a thumb drive called a "dongle." Eid Passport relies upon the "dongle" it receives from PAC to be able to electronically read the uniquely-encrypted electronically stored data contained on Georgia driver licenses.

57.     Like Eid Passport's *RAPID-RCx®* Program, Intellicheck's Defense ID® system also utilizes specialized software that is essential to enabling related hardware products (i.e., handheld mobile computer devices and computer workstations) to electronically validate driver licenses issued by all 50 states and U.S. territories. Intellicheck Mobilisa has developed its own proprietary Driver License Validation Software for this purpose.

58.     Intellicheck Mobilisa's March 2008 10-K (submitted to the Securities and Exchange Commission under the name "Intelli-Check – Mobilisa, Inc.") impliedly acknowledges that Driver License Validation Software is essential to its Defense ID ® system – and to any competing product – by providing, in pertinent part: "Unless a device can read, decode and analyze all of the electronically-stored information that is legally permitted to be analyzed from an identification card, the user may not obtain accurate and reliable confirmation that [an] identification card is valid and has not been altered."

59.     Intellicheck Mobilisa is able to participate in the DL Validation Military Market in part by virtue of its proprietary DL Validation Software that permits related hardware devices to electronically validate driver licenses issued by all 50 states and U.S. territories. On information and belief, Intellicheck Mobilisa also has a license to purchase "dongles" for electronically decrypting the uniquely-encrypted electronically stored data contained on State of Georgia-issued driver licenses.

**2.      Intellicheck Mobilisa Has a Predominant Share of the Software Market**

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 16**

60.    As alleged in more detail below, until August 31, 2009, Intellicheck Mobilisa's leading competitor in the DL Validation Software Market was PAC which, as stated herein, currently licenses its Driver License Validation Software to Eid Passport thereby enabling Eid Passport to compete with Intellicheck Mobilisa for sales to the DL Validation Military Market.

61.    By virtue of its August 31, 2009 acquisition of PAC, Intellicheck Mobilisa's market share of the DL Validation Software Market grew to essentially 100%. Accordingly, Intellicheck Mobilisa is a vertically integrated monopolist with respect to the DL Validation Military Market and the DL Validation Software Market.

62.    The following chart depicts Intellicheck Mobilisa's 100% market share with respect to the DL Validation Software Market.



**3.     The Unavailability of DL Validation Software Constitutes a Significant Barrier to Entry in the DL Validation Military Market, Especially When**

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT
Page 17**

**Combined With Intellicheck Mobilisa's Anticompetitive and Predatory Conduct**

63.     On information and belief, Intellicheck Mobilisa's market power in the DL Validation Military Market is essentially unchecked by potential and actual competition from new market entrants due to significant barriers to market entry – chiefly, the need for access to commercially available Driver License Validation Software – combined with Intellicheck Mobilisa's market power in the DL Validation Software Market and its predatory conduct in that market.

64.     As alleged herein, Driver License Validation Software is essential to enabling related hardware to electronically validate driver licenses (including state-issued identification cards) issued by all 50 states and U.S. territories.  As such, Driver License Validation Software is an essential resource with respect to potential or actual competitors' participation in the DL Validation Military Market.

65.     Accordingly, access to commercially available Driver License Validation Software (including related maintenance and upgrades) on a continuous, uninterrupted basis is essential to a business entity's ability to compete effectively in the DL Validation Military Market.

66.     On information and belief, developing proprietary Driver License Validation Software requires an extremely costly investment of capital and resources likely to exceed $1 million and involve an extensive research, development, and production effort lasting approximately a year and perhaps longer.

67.     Therefore, the unavailability of equivalent Driver License Validation Software from a third-party software provider constitutes a significant barrier to entry in the DL Validation Military Market.

68.     On information and belief, Intellicheck Mobilisa is uniquely assured of

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
   12162181.1

**COMPLAINT
Page 18**

continuous and uninterrupted access to Driver License Validation Software (including related maintenance and upgrades) by virtue of its status as the only market participant in the DL Validation Military Market to have developed its own proprietary Driver License Validation Software, coupled with its August 31, 2009 acquisition of PAC, which gave rise to its new status as a vertically integrated monopolist with respect to the DL Validation Military Market and the DL Validation Software Market.

69.    Absent Intellicheck Mobilisa's anticompetitive conduct, Eid Passport would have continuous and uninterrupted access to Driver License Validation Software (including related maintenance and upgrades) by virtue of its Software License Agreement with PAC.

70.    Notably, however, if Eid Passport's Driver License Validation Software license agreement with PAC were to suddenly cease due to anticompetitive conduct by Intellicheck Mobilisa, Eid Passport's only near-term strategic option to remain competitive in the DL Validation Military Market would be promptly to seek an alternative third-party provider of commercially available, equivalent Driver License Validation Software. However, on information and belief, no alternative third-party, commercially available, equivalent Driver License Validation Software exists.

71.    As alleged in greater detail below, on information and belief, Intellicheck Mobilisa now controls an essential resource relating to new entry, continued participation, or expansion of existing participation by its potential or actual competitors in the DL Validation Military Market because no alternative third-party, commercially available, equivalent Driver License Validation Software exists. Accordingly, Intellicheck Mobilisa has eliminated Eid Passport's only access to commercially available Driver License Validation Software by terminating Eid Passport's Driver License Validation Software license agreement with PAC, which it did solely for anticompetitive reasons.

72.    On information and belief, potential and actual competition in the DL

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 19**

Validation Military Market has been and continues to be significantly deterred by the aforementioned substantial technological barriers to market entry – chiefly, the need for access to commercially available Driver License Validation Software – combined with Intellicheck Mobilisa's market power in the DL Validation Software Market and its anticompetitive and predatory conduct in that market.

**C.    Eid Passport's Software License Agreement with PAC**

73.    Whereas Intellicheck Mobilisa has developed its own proprietary software that validates driver licenses used to establish identity, Eid Passport relies on DL Validation Software licensed to it by PAC under a Value Added Reseller Agreement ("Software License Agreement," or "Agreement").

74.    Eid Passport and PAC entered the aforementioned Software License Agreement on or about August 15, 2006. The Software License Agreement remains in full force and effect as of the filing of this action.

75.    Under the Software License Agreement, PAC agreed to provide Eid Passport with products relating to the interpretation of information read from magnetic stripe and bar code placed on identification cards – specifically state and provincial issued driver licenses or personal IDs. The Agreement provides that the "Licensed Products" consist of the "Positive Access ® IDecode® Parser (DLL) Software" and its related software "documentation" and maintenance including updates.

76.    The Software License Agreement provides for an initial term of two years, with automatic and successive two-year renewals, unless the Agreement is earlier terminated in accordance with its "Termination" provision. The Agreement's "Termination" provision states, in relevant part, that the Agreement "may be terminated . . . [b]y "either party on ninety (90) days prior written notice . . . ."

77.    In accordance with its terms, the Software License Agreement was

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

COMPLAINT
Page 20

automatically renewed for a two-year period commencing on or about August 15, 2008.

78.    By virtue of the Software License Agreement between Eid Passport and PAC, Eid Passport was able to order the IDecode software, maintenance including updates, and Georgia "dongles," and thereby develop the *RAPID*-RCx® Program to compete in the DL Validation Military Market.  In particular, the Software License Agreement enabled Eid Passport to utilize its *RAPID*-RCx® Program to compete directly against Intellicheck Mobilisa's Defense ID ® system for contracts for visitor identity authentication and physical access control at access control points in the DL Validation Military Market.

79.    As alleged above, Eid Passport has contracts to provide its *RAPID*-RCx® Program in the DL Validation Military Market to the U.S. Marine Corps Base Camp Pendleton, in Southern California; U.S. Army Garrison Rock Island Arsenal, Illinois; and U.S. Army Fort McCoy, Wisconsin.

80.    On information and belief, as of 2008 – and possibly earlier – Intellicheck Mobilisa learned of the existence of the August 2006 Software License Agreement between PAC and Eid Passport.

**D.    Intellicheck Mobilisa Has Engaged in a Pattern of Anticompetitive Conduct**

81.    On information and belief, Intellicheck Mobilisa has intentionally engaged in anticompetitive and predatory conduct designed to retain and enhance its predominant share of the DL Validation Military Market and the DL Validation Software Market.  As more particularly alleged herein, Intellicheck Mobilisa's anticompetitive and predatory conduct has had the specific purpose and the effect of preventing Eid Passport from continuing to obtain the Driver License Validation Software it requires to continue selling the *RAPID*-RCx® Program into the DL Validation Military Market in competition with Intellicheck Mobilisa's Defense ID ® system.

82.    Intellicheck Mobilisa's monopolies are not the result of superior business

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT
Page 21**

acumen or simple good fortune. Rather, Intellicheck Mobilisa's durable monopoly position in the DL Validation Military Market and the DL Validation Software Market has resulted from a continuing course of exclusionary, anticompetitive and predatory conduct. Importantly, Intellicheck Mobilisa's conduct in the DL Validation Military Market and the DL Validation Software Market far exceeds the boundaries of legitimate and permissible efforts to protect its patent rights and constitutes an unlawful maintenance of monopoly or unlawful attempt to monopolize.

### 1.    Intelli-Check's Interactions with PAC in 2006

83.    On information and belief, in or about 2006 and before August 2006 when PAC and Eid Passport entered the aforementioned Software License Agreement, Intellicheck Mobilisa's predecessor company, Intelli-Check, contacted PAC. Citing Intelli-Check's patents with respect to driver license authentication, Intelli-Check invited PAC to enter into a license agreement that would cover PAC's continued sale of Positive Access ® IDecode® Parser (DLL) Software to companies.

84.    On information and belief, also in 2006, PAC informed Intelli-Check that it would be willing to discuss the possibility of entering into such a license agreement.

85.    On information and belief, also in 2006, Intelli-Check demanded that – as a precondition to negotiating a license agreement – PAC sign what PAC viewed as a one-sided non-disclosure agreement favorable to Intelli-Check.

86.    On information and belief, PAC did not sign the non-disclosure agreement proposed by Intelli-Check and, confident that it was not infringing upon Intelli-Check's patents with respect to driver license authentication, instead continued to offer its Positive Access® IDecode® Parser (DLL) Software to companies.

### 2.    Eid Passport Obtained PAC's Assurance of Non-Infringement in 2008

87.    In or about May and June 2008, shortly after Intelli-Check and Mobilisa had

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 22**

merged that same year, Eid Passport contacted PAC in anticipation of the two-year automatic renewal of their Software License Agreement. Eid Passport requested PAC's written assurance that its Positive Access® IDecode® Parser (DLL) Software did not infringe on Intellicheck Mobilisa's patents with respect to driver license authentication.

88.    Also in or about June 2008, PAC provided Eid Passport with the requested written assurance of non-infringement.

### 3.    PAC Viewed its IDecode® Parser (DLL) Software as Prior Art

89.    Also in or around May and June 2008, PAC, through its President, Fred Zimmerman, and separately through its outside legal counsel, in explaining to Eid Passport why it was confident its IDecode® Parser (DLL) Software did not infringe on Intellicheck Mobilisa's patents with respect to driver license authentication, asserted to Eid Passport that PAC had prior art over Intellicheck Mobilisa's patents with respect to driver license authentication.

90.    Mr. Zimmerman further stated that PAC had taken "statements" from the head of the Pennsylvania Liquor Control Board which would establish dates showing that PAC had prior art over Intellicheck Mobilisa's patents.

91.    On information and belief, as of 2008 – and possibly earlier – Intellicheck Mobilisa was aware of PAC's position that PAC had prior art over Intellicheck Mobilisa's patents with respect to driver license authentication.

92.    On information and belief, Intellicheck Mobilisa deliberately failed to disclose PAC's claim of prior art to the United States Patent and Trademark Office in connection with the January 13, 2009 continuation patent Intellicheck Mobilisa obtained with respect to driver license authentication.

93.    On information and belief, the aforementioned deliberate failure by

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 23**

Intellicheck Mobilisa to disclose PAC's claim of prior art to the United States Patent and Trademark Office illustrates that Intellicheck Mobilisa's conduct in the DL Validation Military Market and the DL Validation Software Market far exceeds the boundaries of legitimate and permissible efforts to protect its patent rights.

94.    On information and belief, the aforementioned deliberate failure by Intellicheck Mobilisa to disclose PAC's claim of prior art to the United States Patent and Trademark Office occurred in the context of, and pursuant to, a broad monopolistic scheme by Intellicheck Mobilisa to willfully maintain a monopoly in, or attempt to monopolize, the DL Validation Military Market.

95.    On information and belief, in furtherance of the aforementioned monopolistic scheme, Intellicheck Mobilisa acquired PAC in August 2009 in order to silence PAC's claim of prior art that, at minimum, could have invalidated Intellicheck Mobilisa's January 2009 continuation patent and thereby endangered Intellicheck Mobilisa's ability to acquire, maintain and/or build its market power in the DL Validation Military Market.

### 4.    Intellicheck Mobilisa's Acquisition of PAC Was Undertaken With a Specific Intent to Monopolize the DL Validation Military Market

96.    On or about August 31, 2009, Intellicheck Mobilisa acquired PAC for $2.225 million.  Intellicheck Mobilisa has publicly and repeatedly characterized this event an acquisition of its "leading competitor" with respect to driver license validation software, as demonstrated by the following:

>    a.    In its September 1, 2009 8-K filing with the Securities and Exchange Commission, Intellicheck Mobilisa disclosed that it acquired PAC on August 31, 2009;

>    b.    On or about September 1, 2009, Intellicheck Mobilisa issued a press release entitled, "Intellicheck Mobilisa, Inc. Acquires Positive Access Corporation,"

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT
Page 24**

the first sentence of which states, "Intellicheck Mobilisa, Inc. (NYSE Amex:

IDN), a global leader in access control and wireless security systems, has

acquired Positive Access Corporation, the leading competitor to Intellicheck

Mobilisa for developing drivers' license reading software, for a combination

of stock and cash";

c.  On information and belief, in the "Year in Review" portion of his presentation

at Intellicheck Mobilisa's Annual Shareholders' Meeting in New York City on

or about October 27, 2009, Dr. Nelson Ludlow, Intellicheck Mobilisa's Chief

Executive Officer, announced as one of the highlights: "Acquired our

competitor – Positive Access Corp";

d.  On information and belief, in the "Investment Considerations" portion of his

aforementioned presentation at Intellicheck Mobilisa's October 27, 2009

Annual Shareholders' Meeting, Dr. Ludlow – referring to PAC – likewise

announced that Intellicheck Mobilisa "Bought [its] Leading Competitor"; and

e.  Intellicheck Mobilisa's November 10, 2009 10-Q filing with the Securities and

Exchange Commission states, in pertinent part:

> On August 31, 2009, the Company acquired 100% of the
> common stock of Positive Access Corporation, the leading
> competitor to Intellicheck Mobilisa for developing drivers'
> license reading software.

97.    On information and belief, Intellicheck Mobilisa acquired PAC – its "leading

competitor" with respect to driver license validation software and related technology – with a

specific intent and purpose to eliminate, exclude and/or reduce competition in the DL

Validation Military Market.

98.    As noted above, the aforementioned Software License Agreement between

PAC and Eid Passport remains in full force and effect as of the filing of this action.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 25

However, Intellicheck Mobilisa's manifest anticompetitive intent in acquiring PAC to eliminate, exclude and/or reduce competition in the DL Validation Military Market is demonstrated, without limitation, by the fact that Intellicheck Mobilisa lost no time in terminating the aforementioned Software License Agreement between PAC and Eid Passport effective in 90 days from the notice of termination. Notably, in a terse letter dated September 2, 2009 – only one day after announcing its August 31, 2009 acquisition of PAC – Intellicheck Mobilisa's General Counsel, John Lange, wrote to Eid Passport as follows:

> On September 1, 2009, Intellicheck Mobilisa, Inc. acquired Positive Access Corporation. Pursuant to Section 14.1.3 of the Agreement between Positive Access Corporation and Eid Passport, this letter is notice to Eid Passport that Positive Access Corporation is terminating the Agreement, effective 90 days from the date of this notification. Please let me know if you have any questions.

See Exhibit 1 attached hereto. This means Eid Passport would lose its sole supplier for the DL Validation Software, software maintenance including updates, and Georgia "dongles" that Eid Passport requires to support its *RAPID*-RCx® Program.

99.     On information and belief, Intellicheck Mobilisa's termination of the Software License Agreement between PAC and Eid Passport – coming as it did just one day after Intellicheck Mobilisa announced its prior day's acquisition of PAC – evidences that Intellicheck Mobilisa planned in advance to terminate the aforementioned Software License Agreement in order to exclude, eliminate and/or reduce competition in the DL Validation Military Market.

100.     Following its receipt on September 3, 2009 of Intellicheck Mobilisa's September 2, 2009 termination letter, Eid Passport ordered additional PAC products from Intellicheck Mobilisa. Specifically, on or about September 17, 2009, Eid Passport placed an order and paid for a one-year renewal of maintenance/updates for 10 software license keys Eid Passport previously had purchased from PAC. Eid Passport placed this order in response

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 26**

to an email it had received from PAC on or about August 6, 2009, inviting Eid Passport to renew the maintenance/update subscriptions. PAC noted in its August 6, 2009 email that the one-year term on the maintenance already had expired, but PAC nonetheless asked Eid Passport to "please renew the [maintenance] subscription for your software so that you will be able to obtain support for driver licenses from Positive Access including new updates when they are available."

101.    Additionally, on or about September 24, 2009, Eid Passport placed a written purchase order with Intellicheck Mobilisa for 500 PAC software license keys, three years of maintenance including updates, and 500 Georgia "dongles" in order for Eid Passport to fulfill its contractual obligations to customers and to meet anticipated future customer requirements. Eid Passport accompanied its purchase order with a 20% deposit and designated its required delivery due date for September 30, 2009.

102.    The September 30, 2009 due date came and went with no delivery of product, or any communication, from Intellicheck Mobilisa.

103.    On or about October 6, 2009, Eid Passport's Executive Vice President, Abrar Ahmed, left a telephone message for Fred Zimmerman, President of PAC, asking for an update on Eid Passport's purchase order. Mr. Zimmerman responded to Mr. Ahmed by email on or about October 6, 2009, stating, "As you know our company was purchased by Intellicheck Mobilisa. Please contact Debi Bainbridge about your purchase order, as I do not know the status." On information and belief, Ms. Bainbridge, referenced by Mr. Zimmerman, is Intellicheck Mobilisa's Vice President, Commercial Operations.

104.    Also on or about October 6, 2009, Mr. Ahmed sent an email to Ms. Bainbridge, asking her to provide an update on Eid Passport's purchase order. Mr. Ahmed also attempted to telephone Ms. Bainbridge at Intellicheck Mobilisa's offices on or about October 6, 2009, and was told by a receptionist for Intellicheck Mobilisa that Ms. Bainbridge

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT
Page 27**

was not in the office. Mr. Ahmed did not hear back from Ms. Bainbridge in response to his email.

105.    On or about October 13, 2009, Mr. Ahmed sent a letter to Ms. Bainbridge asking about the status of Eid Passport's purchase order. Mr. Ahmed noted in his letter that "we need Intellicheck Mobilisa to fill this order immediately so that we can continue to serve our customers. Intellicheck Mobilisa terminated our Positive Access contract effective at the end of next month, so we have little time left to secure sufficient inventory." Mr. Ahmed in his letter asked Intellicheck Mobilisa to provide Eid Passport with written assurance of its intent to fulfill the purchase order by October 16, 2009. Eid Passport did not receive a response from Ms. Bainbridge.

106.    On or about October 13, 2009, Eid Passport's President and Chief Operating Officer, James Robell, spoke with Intellicheck Mobilisa's Chief Operating Officer, Steve Williams. Eid Passport, through Mr. Robell, inquired about the September 2, 2009 termination notice it had received from Intellicheck Mobilisa. Intellicheck Mobilisa, through Mr. Williams, refused to continue PAC's agreement with Eid Passport. Mr. Williams also told Eid Passport that Intellicheck Mobilisa no longer was interested in selling software and was "killing all software deals."

107.    During this same conversation with Mr. Williams on or about October 13, 2009, Eid Passport, through Mr. Robell, asked about the PAC products it had ordered but not received. Mr. Williams said he did not know anything about Eid Passport's purchase order. He said he would call his finance team to find out, and would get back to Eid Passport.

108.    Intellicheck Mobilisa's Mr. Williams ultimately responded to Mr. Robell in a letter dated October 15, 2009. The first sentence of Mr. Williams' October 15, 2009 letter to Mr. Robell stated, "This letter is to inform you that Intellicheck Mobilisa does not accept Eid Passport's purchase order dated on September 24, 2009, and your maintenance order dated

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 28

September 17, 2009."

109.    Mr. Williams' October 15, 2009 letter thereafter challenged, as follows, the basis of Eid Passport's September 24, 2009 purchase order for 500 software license keys and three years of maintenance:

> In regard to the order for 500 license keys, and advanced [sic] order of 3 years of maintenance for those keys, Intellicheck Mobilisa will not fulfill orders to resellers where the reseller is making advanced [sic] purchases without sales or sales history to support those purchases. We do not believe that Eid Passport has resold products for this volume, and does not have a sales history that would justify this volume. Pursuant to Section 5.2 (Reporting) of the Agreement, Intellicheck Mobilisa requests that Eid Passport make its sales records available so that Intellicheck Mobilisa may verify Eid's sales. In addition, Intellicheck Mobilisa does not pre-sell maintenance services beyond one year for the Positive Access products. We are therefore returning the enclosed check number 10825 for $17,900.

110.    Mr. Williams' October 15, 2009 letter thereafter stated that Intellicheck Mobilisa did not receive Eid Passport's September 17, 2009 request to extend maintenance for 10 software license keys "prior to their expiration," stating further:

> These license keys are expired and are no longer eligible for continued maintenance updates. We are therefore returning the enclosed check number 10809 for $500.00.

111.    On October 27, 2009, Eid Passport replied in writing to Mr. Williams' October 15, 2009 letter requesting that Intellicheck Mobilisa immediately reverse its refusal to honor Eid Passport's purchase order for PAC software license keys and maintenance including upgrades.

112.    Eid Passport's October 27, 2009 letter also responded, as follows, to Intellicheck Mobilisa's request that Eid Passport make its sales records available so that Intellicheck Mobilisa may verify Eid Passport's sales:

> Section 5.2 (Reporting) of the reseller agreement (which you attempt to invoke in your October 15 letter) provides only that "RESELLER will make sales records available, upon reasonable request, to verify sales." Eid Passport and Positive Access entered into the reseller agreement years ago, when they were

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 29

not direct competitors. Now, however, Eid Passport (via its *RAPID*-RCx®
Program) and Intellicheck Mobilisa (via its Defense ID® System) are in fact
direct competitors with respect to sales of these products to the military. It
would therefore be highly <u>unreasonable,</u> if not irresponsible, for Eid Passport
to provide such competitively sensitive records to Intellicheck Mobilisa. In
fact, doing so could subject both Eid Passport and Intellicheck Mobilisa to
possible charges of unlawful collusion and other anticompetitive conduct in
the government market. Eid Passport will not be a party to any unlawful
conduct under the antitrust laws or otherwise. For these reasons, your
invocation of Section 5.2 is not "reasonable" under the circumstances.
Moreover, given Intellicheck Mobilisa's "rejection" without explanation of
our commercially and competitively legitimate orders, we don't understand
how your demand that "Eid Passport make its sales records available so that
Intellicheck Mobilisa may verify Eid Passport's sales" can possibly be made in
good faith.

113.    Eid Passport's October 27, 2009 letter further noted that Mr. Williams'

October 15, 2009 letter did not expressly state that Intellicheck Mobilisa had rejected, in

particular, the line item in Eid Passport's Purchase Order 1827 seeking 500 additional

Georgia "dongles." Accordingly, Eid Passport's October 27, 2009 letter asked whether

Intellicheck Mobilisa plans to have PAC deliver the "dongles" to Eid Passport, and requested

that Intellicheck Mobilisa respond no later than October 30, 2009.

114.    Having heard nothing from Intellicheck Mobilisa in response to the October

27, 2009 letter, Eid Passport sent Intellicheck Mobilisa a follow-up letter dated November 3,

2009. In its November 3, 2009 letter, Eid Passport noted that it "needs to have its purchase

orders filled right away" and requested that Intellicheck Mobilisa give the courtesy of an

immediate response.

115.    To date, Intellicheck Mobilisa, with knowledge of Eid Passport's immediate

need for the ordered PAC products, has failed to respond to Eid Passport's October 27, 2009

letter or to Eid Passport's November 3, 2009 letter.

   5.    **Following a Diligent and Costly Search, Eid Passport Has Determined**
          **That No Alternative Third-Party Providers of Commercially Available,**

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 30**

**Equivalent Driver License Validation Software Exist**

116.    In early September 2009, following its September 3, 2009 receipt of

Intellicheck Mobilisa's aforementioned September 2, 2009 termination notice, Eid Passport

commenced – and thereafter diligently pursued through the present – a resource-intensive

search to secure commercially available, equivalent DL Validation Software from a source

other than PAC.  To date, Eid Passport's extensive efforts in this regard have not been

successful, because there are no third-party software companies that are able to provide:

> (a) substantially equivalent software and technology containing the three
> essential fraud detection components of Driver License Validation Software enabling
> hardware devices to electronically validate driver licenses of all 50 states and U.S.
> territories; and

> (b) the Georgia "dongle" capable of decoding the encryption on driver licenses
> issued by the state of Georgia.

> **6.    Intellicheck Mobilisa Has Engaged in Additional Anticompetitive
> Conduct With a Specific Purpose and Effect of Thwarting Competition
> in the DL Validation Military Market**

117.    In 2003, Intelli-Check – i.e., Intellicheck Mobilisa's predecessor company –

sued TriCom Card Technologies, Inc. ("TriCom") in the United States District Court for the

Eastern District of New York for alleged infringement of two patents relating to machine

authentication of identification cards, including driver licenses (hereinafter, the "Intellicheck

Mobilisa – TriCom Patent Infringement Litigation").  After approximately six years of

litigation, the parties to the Intellicheck Mobilisa – TriCom Litigation entered into a patent

settlement agreement and a license agreement in or about April 2009.  According to

Intellicheck Mobilisa's Form 10-Q filed with the Securities and Exchange Commission in or

about August 2009, "TriCom acknowledged the validity of Intellicheck Mobilisa's patents,

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 31**

and that sales of TriCom's age verification products are subject to the terms of a license agreement entered contemporaneously with the settlement agreement, the terms of which are confidential."

118.    Notably, Intellicheck Mobilisa's Form 10-Q filed with the Securities and Exchange Commission in or about August 2009 did not state that TriCom admitted to infringing any of Intellicheck Mobilisa's patents as alleged in the Intellicheck Mobilisa – TriCom Patent Infringement Litigation.

119.    On information and belief, TriCom has never admitted to infringing – and has never been adjudged to have infringed – any of Intellicheck Mobilisa's patents, as alleged in the Intellicheck Mobilisa – TriCom Patent Infringement Litigation.

120.    On information and belief, Intellicheck Mobilisa is currently aware, and has been aware for years, that TriCom has never admitted to infringing – and that TriCom has never been adjudged to have infringed – any of Intellicheck Mobilisa's patents as alleged in the Intellicheck Mobilisa – TriCom Patent Infringement Litigation.

121.    On information and belief, nevertheless, in the "Year in Review" portion of his presentation at Intellicheck Mobilisa's Annual Shareholders' Meeting in New York City on or about October 27, 2009, Intellicheck Mobilisa's Dr. Nelson Ludlow announced that one of Intellicheck Mobilisa's 2009 highlights was the "Favorable Settlement with Patent Infringer," thereby falsely and intentionally stating unequivocally that Intellicheck Mobilisa's patent litigation settlement involved a "Patent Infringer" (as opposed to an alleged patent infringer).

122.    Intellicheck Mobilisa's public website likewise displays – falsely, intentionally, and unequivocally – that one of its 2009 highlights was a "Favorable Settlement with Patent Infringer." See "Presentation to IDN Shareholders' Meeting," p. 16: http://www.icmobil.com/highlights/headlines/pdfs/ShareholderPresentation27October2009.pdf

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

COMPLAINT
Page 32

123.    On information and belief, Intellicheck Mobilisa falsely, intentionally, and unequivocally conveyed to the public the aforementioned claim that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – so as to convey the false impression to potential and actual competitors in the Driver License Validation Software Market and the DL Validation Military Market that TriCom admitted to infringing – or had been adjudged to have infringed – Intellicheck Mobilisa's patents relating to machine authentication of driver licenses.

124.    On information and belief, Intellicheck Mobilisa falsely, intentionally, and unequivocally conveyed to the public the aforementioned claim that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – with a specific intent and purpose to intimidate potential and actual competitors in the Driver License Validation Software Market by raising the specter of protracted and debilitating patent infringement litigation in order to deter potential competitors who would otherwise seek to develop and/or license Driver License Validation Software to Eid Passport and others who aspire to compete for sales to the DL Validation Military Market.

125.    On information and belief, Intellicheck Mobilisa's actions in falsely, intentionally, and unequivocally conveying to the public the aforementioned claim that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – have deterred potential competition and/or foreclosed or reduced actual competition in the DL Validation Military Market as a whole.

**FIRST CLAIM FOR RELIEF**
Violation of 15 U.S.C. Sherman Act § 2
Monopolization and Attempted Monopolization of the DL Validation Military Market

126.    Plaintiff incorporates by reference all of the above allegations as if fully set forth herein.

127.    There exists an economically distinct relevant market referred to in this

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT
Page 33**

Complaint as the DL Validation Military Market (as defined in Part VI herein).

128.    There also exists an economically distinct relevant market referred to in this Complaint as the DL Validation Software Market (also as defined in Part VI herein).

129.    Intellicheck Mobilisa possesses market power in the DL Validation Military Market.  Intellicheck Mobilisa's market power is persistent and stable.

130.    Intellicheck Mobilisa controls access to the DL Validation Military Market by way of its market power in the DL Validation Software Market, which constitutes a significant barrier to entry in the DL Validation Military Market.  Intellicheck Mobilisa is thus able to leverage its control over DL Validation Software and its market power in the DL Validation Software Market to willfully maintain its monopoly power in the DL Validation Military Market.

131.    Intellicheck Mobilisa has also been able to willfully maintain its monopoly power in the DL Validation Military Market by having engaged in a series of exclusionary, predatory, and anticompetitive acts as alleged herein.

132.    If for any reason Intellicheck Mobilisa is not deemed to have monopoly power in the DL Validation Military Market, there exists a dangerous probability of Intellicheck Mobilisa gaining such power.

133.    On information and belief, with specific intent to acquire or the intent to maintain monopoly power in and over the DL Validation Military Market, and to thereby injure competition in the DL Validation Military Market as a whole, Intellicheck Mobilisa has deliberately committed exclusionary, predatory, or anticompetitive acts, and has employed restrictive and coercive tactics to exclude, destroy or suppress competition in the DL Validation Military Market, including, without limitation:

       a. On or about August 31, 2009, acquiring PAC – which Intellicheck Mobilisa itself describes as "the leading competitor to Intellicheck Mobilisa for

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 34**

developing drivers' license reading software" – in whole or in part for the purpose of terminating the Software License Agreement between Eid Passport and PAC, thereby suppressing competition in the DL Validation Military Market;

b. On or about September 2, 2009 – just one day after its September 1, 2009 public announcement that it acquired PAC – terminating the Software License Agreement between Eid Passport and PAC effective 90 days from the notice of termination, thereby suppressing competition in the DL Validation Military Market;

c. On information and belief, obtaining a continuation patent in or about January 2009 with respect to driver license authentication after having failed to disclose PAC's claim of prior art to the United States Patent and Trademark Office in connection with such continuation patent;

d. On information and belief, acquiring PAC in August 2009 with an intent to silence PAC's claim of prior art that, at minimum, could have invalidated Intellicheck Mobilisa's January 2009 continuation patent and thereby endangered Intellicheck Mobilisa's ability to acquire, maintain and/or build its market power in the DL Validation Military Market;

e. Acquiring PAC in August 2009 in order to acquire, maintain and/or build its market power in the Driver License Validation Software Market and the DL Validation Military Market;

f. On information and belief, commencing in or about October 2009 and continuing to the present, falsely, intentionally, and unequivocally conveying to the public that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – so as to convey the false

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 35**

impression to potential and actual competitors in the Driver License Validation Software Market and the DL Validation Military Market that TriCom admitted to infringing – or had been adjudged to have infringed – Intellicheck Mobilisa's patents relating to machine authentication of driver licenses;

g. On information and belief, commencing in or about October 2009 and continuing to the present, falsely, intentionally, and unequivocally conveying to the public that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – with a specific intent and purpose to intimidate potential and actual competitors in the Driver License Validation Software Market in order to cause them to refrain from developing and/or licensing Driver License Validation Software to Eid Passport and others who aspire to compete for sales to the DL Validation Military Market; and

h. Insisting on the right to inspect Eid Passport's sales records purportedly to enable Intellicheck Mobilisa to verify Eid Passport's sales, even though Intellicheck Mobilisa already had "rejected" Eid Passport's purchase orders and even though such an anticompetitive information exchange between head-to-head competitors such as Intellicheck Mobilisa and Eid Passport would discourage competition for U.S. military solicitations in the DL Validation Military Market and, under the circumstances, lacks any legitimate business justification. The effect of this anticompetitive information exchange demand, along with Intellicheck Mobilisa's other anticompetitive conduct, is to prevent competition to the detriment of competitors such as Eid Passport, to the U.S. military, and to competition in the DL Validation Military Market as whole.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 36**

134.   Intellicheck Mobilisa's acquisition of PAC with a specific intent and purpose to exclude competition, together with Intellicheck Mobilisa's anticompetitive acts set forth in the immediately preceding paragraph, were undertaken in the context of, and pursuant to, a broad monopolistic scheme extending beyond the legitimate protection by Intellicheck Mobilisa of its patent rights and constituting a violation of Section 2 of the Sherman Act.

135.   There is no legitimate technological, business, patent rights, or procompetitive justification for Intellicheck Mobilisa's anticompetitive acts listed herein.

136.   Intellicheck Mobilisa committed anticompetitive acts, without limitation, for the purpose of excluding, destroying and/or suppressing competition by attempting to eliminate its only current actual competitor (Eid Passport) in the DL Validation Military Market and to foreclose the entry of potential competitors into the DL Validation Military Market. In short, Intellicheck Mobilisa has acted with a specific intent to willfully monopolize and attempt to monopolize the market for sales in the DL Validation Military Market.

137.   Furthermore, Intellicheck Mobilisa's anticompetitive acts were deliberately committed, without limitation, for the purpose of creating artificial and significant barriers to entry into the DL Validation Military Market by seeking to deny access to DL Validation Software necessary to compete in the DL Validation Military Market.

138.   These acts by Intellicheck Mobilisa have threatened to and continue to unreasonably restrain and prevent competition in the DL Validation Military Market. Plaintiff has been injured in its business or property and, furthermore, has suffered antitrust injury, by reason of Intellicheck Mobilisa's antitrust violations. Plaintiff's antitrust injury consists and/or will consist of, at minimum, the significant cost of resources necessary to seek an alternative source of DL Validation Software to enable it to continue to compete for sales in the DL Validation Military Market. Moreover, because the DL Validation Military

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 37**

Market is currently a two-player market, injury to Eid Passport in the DL Validation Military Market necessarily constitutes injury to competition in the DL Validation Military Market as a whole. These are the types of injuries antitrust laws were designed to prevent, and such injuries flow from that which makes Defendant's conduct unlawful.

139.    On information and belief, Plaintiff's antitrust injury also consists of, and/or will also consist of, the loss of sales to the DL Validation Military Market, which would otherwise have occurred in a fair and competitive market. Because the DL Validation Military Market is currently a two-player market, injury to Eid Passport in the DL Validation Military Market necessarily constitutes injury to competition in the DL Validation Military Market as a whole. These are also the types of injuries antitrust laws were designed to prevent, and such injuries flow from that which makes Defendant's conduct unlawful.

140.    As a consequence, Plaintiff is entitled to a permanent injunction, restraining Intellicheck Mobilisa from engaging in additional anticompetitive conduct and to judgment pursuant to 15 USC § 15 and to recover the costs and expenses of this litigation, including reasonable attorney fees.

## SECOND CLAIM FOR RELIEF
Injunctive Relief Provided by Section 16 of the Clayton Act (15 U.S.C. § 26)

141.    Plaintiff incorporates by reference all of the above allegations as if fully set forth herein.

142.    As set forth above, Plaintiff seeks relief based on Intellicheck Mobilisa's violation of Section 2 of the Sherman Act (15 U.S.C. § 2) as set forth above with specificity in Claim No. 1.

143.    Intellicheck Mobilisa and all persons, firms, and corporations acting on its behalf and under its direction or control should be permanently enjoined from engaging in, carrying out, renewing or attempting to engage, carry out, or renew, any policies or practices in violation of Section 2 of the Sherman Act (15 U.S.C. § 2), pursuant to Section 16 of the

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 38

Clayton Act, 15 USC § 26.

## THIRD CLAIM FOR RELIEF
Violation of ORS 646.730 (Oregon's "Little Sherman Act")
Monopolization and Attempted Monopolization of the DL Validation Military Market

144.    Plaintiff incorporates by reference all of the above allegations as if fully set forth herein.

145.    There exists a distinct relevant market referred to in this Complaint as the DL Validation Military Market (as defined in Part VI herein).

146.    Intellicheck Mobilisa possesses substantial market power in the DL Validation Military Market.  Intellicheck Mobilisa's market power is persistent and stable.

147.    Intellicheck Mobilisa controls access to the DL Validation Military Market by way of its market power in the DL Validation Software Market, which constitutes a significant barrier to entry in the DL Validation Military Market.  Intellicheck Mobilisa is thus able to leverage its control over DL Validation Software and its power in the DL Validation Software Market to willfully maintain its monopoly power in the DL Validation Military Market.

148.    Intellicheck Mobilisa has also been able to willfully maintain its monopoly power in the DL Validation Military Market by virtue of its having engaged in a series of exclusionary, predatory, and anticompetitive acts as alleged herein.

149.    If for any reason Intellicheck Mobilisa is not deemed to have monopoly power in the DL Validation Military Market, there exists a dangerous probability of Intellicheck Mobilisa gaining such power.

150.    On information and belief, with specific intent to acquire or the intent to maintain monopoly power in and over the DL Validation Military Market, and to thereby injure competition in the DL Validation Military Market as a whole, Intellicheck Mobilisa has deliberately committed exclusionary, predatory, or anticompetitive acts, and has

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 39**

employed restrictive and coercive tactics to exclude, destroy or suppress competition in the DL Validation Military Market, including, without limitation:

  a. On or about August 31, 2009, acquiring PAC – which Intellicheck Mobilisa itself describes as "the leading competitor to Intellicheck Mobilisa for developing drivers' license reading software" – in whole or in part for the purpose of terminating the Software License Agreement between Eid Passport and PAC, thereby suppressing competition in the DL Validation Military Market;

  b. On or about September 2, 2009 – just one day after its September 1, 2009 public announcement that it acquired PAC – terminating the Software License Agreement between Eid Passport and PAC effective 90 days from the notice of termination, thereby suppressing competition in the DL Validation Military Market;

  c. On information and belief, obtaining a continuation patent in or about January 2009 with respect to driver license authentication after having failed to disclose PAC's claim of prior art to the United States Patent and Trademark Office in connection with such continuation patent;

  d. On information and belief, acquiring PAC in August 2009 with an intent to silence PAC's claim of prior art that, at minimum, could have invalidated Intellicheck Mobilisa's January 2009 continuation patent and thereby endangered Intellicheck Mobilisa's ability to acquire, maintain and/or build its market power in the DL Validation Military Market;

  e. Acquiring PAC in August 2009 in order to acquire, maintain and/or build its market power in the Driver License Validation Software Market and the DL Validation Military Market;

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 40**

f. On information and belief, commencing in or about October 2009 and continuing to the present, falsely, intentionally, and unequivocally conveying to the public that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – so as to convey the false impression to potential and actual competitors in the Driver License Validation Software Market and the DL Validation Military Market that TriCom admitted to infringing – or had been adjudged to have infringed – Intellicheck Mobilisa's patents relating to machine authentication of driver licenses;

g. On information and belief, commencing in or about October 2009 and continuing to the present, falsely, intentionally, and unequivocally conveying to the public that it achieved a "Favorable Settlement with Patent Infringer" – as opposed to an <u>alleged</u> patent infringer – with a specific intent and purpose to intimidate potential and actual competitors in the Driver License Validation Software Market in order to cause them to refrain from developing and/or licensing Driver License Validation Software to Eid Passport and others who aspire to compete for sales to the DL Validation Military Market; and

h. Insisting on the right to inspect Eid Passport's sales records purportedly to enable Intellicheck Mobilisa to verify Eid Passport's sales, even though Intellicheck Mobilisa already had "rejected" Eid Passport's purchase orders and even though such an anticompetitive information exchange between head-to-head competitors such as Intellicheck Mobilisa and Eid Passport would discourage competition for U.S. military solicitations in the DL Validation Military Market and, under the circumstances, lacks any legitimate business justification. The effect of this anticompetitive information

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 41**

exchange demand, along with Intellicheck Mobilisa's other anticompetitive
conduct, is to prevent competition to the detriment of competitors such as Eid
Passport, to the U.S. military, and to competition in the DL Validation
Military Market as whole.

151.    Intellicheck Mobilisa's acquisition of PAC with a specific intent and purpose
to exclude competition, together with Intellicheck Mobilisa's anticompetitive acts set forth in
the immediately preceding paragraph, were undertaken in the context of, and pursuant to, a
broad monopolistic scheme extending beyond the legitimate protection by Intellicheck
Mobilisa of its patent rights and constituting a violation of Section 2 of the Sherman Act.

152.    There is no legitimate technological, business, patent rights, or procompetitive
justification for Intellicheck Mobilisa's anticompetitive acts listed herein.

153.    Intellicheck Mobilisa committed anticompetitive acts, without limitation, for
the purpose of excluding, destroying and/or suppressing competition by attempting to
eliminate its only current actual competitor (Eid Passport) in the DL Validation Military
Market and to foreclose the entry of potential competitors into the DL Validation Military
Market.  In short, Intellicheck Mobilisa has acted with a specific intent to willfully
monopolize and attempt to monopolize the market for sales in the DL Validation Military
Market.

154.    Furthermore, Intellicheck Mobilisa's anticompetitive acts were deliberately
committed, without limitation, for the purpose of creating artificial and significant barriers to
entry into the DL Validation Military Market by seeking to deny access to DL Validation
Software necessary to compete in the DL Validation Military Market.

155.    These acts by Intellicheck Mobilisa have threatened to and continue to
unreasonably restrain and prevent competition in the DL Validation Military Market.
Plaintiff has been injured in its business or property and, furthermore, has suffered antitrust

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
    12162181.1

**COMPLAINT**
**Page 42**

injury, by reason of Intellicheck Mobilisa's antitrust violations. Plaintiff's antitrust injury consists and/or will consist of, at minimum, the significant cost of resources necessary to seek an alternative source of DL Validation Software to enable it to continue to compete for sales in the DL Validation Military Market. Moreover, because the DL Validation Military Market is currently a two-player market, injury to Eid Passport in the DL Validation Military Market necessarily constitutes injury to competition in the DL Validation Military Market as a whole. These are the types of injuries antitrust laws were designed to prevent, and such injuries flow from that which makes Defendant's conduct unlawful.

156.    On information and belief, Plaintiff's antitrust injury also consists of, and/or will also consist of, the loss of sales to the DL Validation Military Market, which would otherwise have occurred in a fair and competitive market. Because the DL Validation Military Market is currently a two-player market, injury to Eid Passport in the DL Validation Military Market necessarily constitutes injury to competition in the DL Validation Military Market as a whole. These are also the types of injuries antitrust laws were designed to prevent, and such injuries flow from that which makes Defendant's conduct unlawful.

157.    As a consequence, Plaintiff is entitled to a permanent injunction, restraining Intellicheck Mobilisa from engaging in additional anticompetitive conduct and to judgment pursuant to ORS 646.770 and to recover the costs and expenses of this litigation, including reasonable attorney fees.

### FOURTH CLAIM FOR RELIEF
Intentional Interference with Contract, Business Relationships
and/or Prospective Business Advantage

158.    Plaintiff incorporates by reference all of the above allegations as if fully set forth herein.

159.    Plaintiff had or has a current or prospective business relationship with PAC, customers, and others in the DL Validation Software Market and/or the DL Validation

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 43**

Military Market.

160.    Intellicheck Mobilisa has intentionally interfered with Plaintiff's business relations with PAC, Plaintiff's customers, and/or others.

161.    Intellicheck Mobilisa accomplished the interference though improper means and/or for an improper purpose.

162.    Intellicheck Mobilisa communicated directly with PAC and/or others with the intent to dissuade them or discourage these entities and/or individuals from doing business with Plaintiff.

163.    Intellicheck Mobilisa's motive and intent were wrongful in that they were to deprive Plaintiff of a legitimate business opportunity and to monopolize or attempt to monopolize the market in violation of law.

164.    Additionally, Intellicheck Mobilisa communicated with PAC and/or others in a way that interfered with Plaintiff's business relationships with PAC and/or others.  The purpose of such communications was to prevent Plaintiff from competing against Intellicheck Mobilisa and was therefore wrongful.

165.    The intentional interference allegations set forth above were intended to and did cause harm to Plaintiff herein.

166.    As a result of the statements, Plaintiff has sustained damages in an amount to be proven at trial.

**WHEREFORE, Plaintiff prays for the following relief:**

As to Claims for Relief Nos. 1and 2:

a.    That this Court adjudge and decree that Intellicheck Mobilisa has unlawfully maintained a monopoly in, or unlawfully attempted to monopolize, the DL Validation Military Market, in violation of Section 2 the Sherman Act, 15 U.S.C. § 2.

b.    That, pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, Intellicheck

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT
Page 44**

Mobilisa and all persons, firms and corporations acting on its behalf and under its direction or control be permanently enjoined in engaging in, carrying out, renewing or attempting to engage, carry out or renew any policies or practices in violation of the Sherman Act.

      c.     That Plaintiff be awarded treble damages pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15(a).

      d.     That Plaintiff be awarded such other relief as the Court may consider necessary or appropriate or restore competitive conditions in the DL Validation Military Market and Software Market, both of which have been adversely affected by Intellicheck Mobilisa's unlawful conduct.

      e.     That Plaintiff be awarded its reasonable attorney fees and costs in connection with this action.

<u>As to Claim for Relief No. 3:</u>

      a.     That this Court adjudge and decree that Intellicheck Mobilisa has unlawfully maintained a monopoly in, or unlawfully attempted to monopolize, the DL Validation Military Market, in violation of ORS 646.730 of Oregon's "Little Sherman Act."

      c.     That, pursuant to ORS 646.770 of Oregon's "Little Sherman Act," Intellicheck Mobilisa and all persons, firms and corporations acting on its behalf and under its direction or control be permanently enjoined in engaging in, carrying out, renewing or attempting to engage, carry out or renew any policies or practices in violation of the Sherman Act.

      d.     That, pursuant to ORS 646.780 of Oregon's "Little Sherman Act," Plaintiff be awarded treble damages.

      e.     That Plaintiff be awarded such other relief as the Court may consider necessary or appropriate or restore competitive conditions in the DL Validation Military Market and Software Market, both of which have been adversely affected by Intellicheck Mobilisa's unlawful conduct.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 45**

f.    That Plaintiff be awarded its reasonable attorney fees and costs in connection with this action.

As to Claim for Relief No. 4:

a.    That Plaintiff be awarded a money judgment for damages caused by Intellicheck Mobilisa's wrongful conduct in an amount to be proven at trial.

b.    That Plaintiff be awarded exemplary damages in an amount to be proven at trial.

c.    That Plaintiff be awarded its reasonable attorney fees and costs in connection with this action.

DATED:  November 30, 2009

BULLIVANT HOUSER BAILEY PC

By _____
Stephen F. English
OSB #730843
Thomas L. Hutchinson
OSB #994896
Telephone: 503.228.6351
Attorneys for Plaintiff Eid Passport, Inc.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
12162181.1

COMPLAINT
Page 46

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and Civil Local Rule

38.1, Plaintiff Eid Passport, Inc. demands trial by jury of all issues properly triable of right

by a jury.

DATED:  November 30, 2009

BULLIVANT HOUSER BAILEY PC

By _____
Stephen F. English
OSB #730843
**Thomas L. Hutchinson**
OSB #994896
Telephone: 503.228.6351
Attorneys for Plaintiff Eid Passport, Inc.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
12162181.1

**COMPLAINT**
**Page 47**